Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3125 | **DATE** | July 18, 2001 |
| **CASE TITLE** | | *USA v. Jackson* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Petitioner Dwight Eugene Jackson's Motion to Vacate Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [1-1]. The court, having disposed of all of the litigants' claims, directs the clerk of the court to enter a Rule 58 judgment and terminate this case from this court's docket. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 24 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | CD-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 23 AM 9:27 | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| Respondent, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 97 C 3125, 86 CR 426 |
| DWIGHT EUGENE JACKSON. ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Dwight Eugene Jackson's Motion to Vacate Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Jackson's motion is DENIED.

## BACKGROUND

On May 30, 1986, Jackson, who was serving time for two bank robberies, was released from federal prison as part of a "work release program." However, instead of finding an honest job, Jackson robbed another bank within thirty minutes of his release.

Unfortunately for Jackson, as he fled the bank, someone saw the license plate of his car. The car was registered to Mitty Sturdivant, Jackson's father. While police and FBI agents were at Sturdivant's home, Jackson arrived in his father's car. The agents arrested Jackson and searched the car, finding a loaded gun and clothing worn during the robbery.

After a jury trial, Judge Duff sentenced Jackson to life in prison without the possibility of parole. On appeal, Jackson's attorney argued that his life sentence was improper. The Seventh



Circuit, however, disagreed and affirmed Judge Duff's sentence. United States v. Jackson, 835 F.2d 1195 (7th Cir. 1987).

After losing his direct appeal, Jackson brought the instant Motion to Vacate Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2255.

## ANALYSIS

Jackson contends that his sentence should be vacated because: (1) the government violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing the "investigative section" of the Bureau of Prison ("BOP") incident report[1]; (2) the trial court erred in allowing the government to introduce Jackson's three prior armed robberies into evidence; and (3) Jackson's appellate counsel was ineffective because he failed to present the two aforementioned issues on appeal. The Court will address each of these issues.

### I.    Procedural Default and Ineffective Assistance of Counsel

Jackson failed to raise the Brady and the prior crimes evidence on appeal. Thus, Jackson is precluded from relief under section 2255, unless he can show cause and actual prejudice because of the omission. Dugan v. United States, 18 F.3d 460, 464 (7th Cir.1994). See also United States v. Frady, 456 U.S. 152, 166-68 n.15 (1982). Therefore, because Jackson contends that his failure to raise these issues on appeal is due to ineffective assistance of counsel, the Court will first address the issues of procedural default and effectiveness of Jackson's appellate counsel.

---

[1] Jackson alleges that the BOP "incident report" would have shown that he could not have committed the bank robbery because he was not released from federal detention in time to have committed the robbery.

Jackson contends that ineffective assistance of counsel is the cause of the procedural default. Therefore, if Jackson can meet the stringent test for ineffective assistance of counsel, he will meet the causation requirement to get around the procedural default. See Dugan, 18 F.3d at 464.

A petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." U.S. v. Holland, 992 F.2d 687, 691 (7th Cir. 1993). A trial court will only reverse a conviction for ineffective assistance of counsel if the petitioner can satisfy the two prong test established in Strickland v. Washington, 466 U.S. 668 (1984). The petitioner must establish: (1) that his counsel's representation "fell below an objective standard of reasonableness"; and (2) that attorney's deficient performance prejudiced the defense. Id. at 687. The petitioner bears the burden of both proof and persuasion that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." U.S. v. Davenport, 986 F.2d 1047, 1049 (7th Cir. 1993), quoting Strickland, 466 U.S. at 687.

When determining whether an attorney's performance was objectively reasonable, courts presume that an attorney employed reasonable judgment and do not second-guess strategic choices. Strickland, 466 U.S. at 689. Counsel is not ineffective merely because he did not raise all possible claims of error. Page v. United States, 884 F.2d 300, 302 (7th Cir. 1989). However, where the appellate counsel failed to raise "a significant and obvious issue" which may have resulted in reversal, "the failure could be viewed as deficient performance." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

To satisfy the prejudice prong, the petitioner must demonstrate that, but for his lawyer's alleged errors, there is a reasonable probability that the result of the proceedings would have been different. Id. at 694. Moreover, the claims of prejudice must be specific, the petitioner cannot simply allege in a "conclusory fashion" that he was prejudiced. United States v. Rosch, 1995 WL 680463, at *3 (N.D. Ill. Nov. 13, 1995). Instead, the petitioner must demonstrate how he was actually prejudiced. Id.

Here, Jackson fails to fulfill either of the two prongs of the stringent test established in Strickland. First, Jackson has wholly failed to present any facts which would suggest that his attorney's actions fell below an objective standard of reasonableness. Although the failure to raise the Brady issue would be a significant omission, as explained below, the government clearly did not violate Brady. Moreover, at the time of his appeal, the admission of Jackson's prior crimes was not clearly erroneous. See Fryer v. United States, 243 F.3d 1004, 1007-08 (7th Cir. 2001). Consequently, Jackson fails the first part of the Strickland test.

Moreover, even if the admission of the prior robberies was improper, such an error was harmless given the overwhelming evidence against Jackson. The car identified as the bank robber's get-away car was registered to Mitty Sturdivant, Jackson's father. While police and FBI agents were at Sturdivant's home, Jackson arrived in his father's car. The agents arrested Jackson and searched the car, finding a loaded gun and clothing worn during the robbery. Consequently, because of the overwhelming evidence against Jackson, this Court does not find that he suffered "actual prejudice" to overcome his procedural default. See Stricker v. Greene, 527 U.S. 263, 294 (1999) (holding that the overwhelming evidence presented at trial prevented the petitioner from proving actual prejudice to overcome his procedural default).

Similarly, the Court cannot find that Jackson's appellate counsel's failure to raise the missing "incident report" was unreasonable. Looking at the transcripts provided with Jackson's motion, it is clear to this Court that the "incident report" was not contained in the BOP's files, and therefore not in the government's possession. A witness from the Metropolitan Correctional Center and the Assistant United States Attorney, each stated on the record that the "incident report" was not in the BOP's files. Moreover, the fact that the Assistant United States Attorney, who tried the case, was charged with concealing Brady material three years after Jackson's trial in a separate and unrelated case does not bolster Jackson's argument. Furthermore, if Jackson wanted the "incident report" to show that he could not have left the prison in time to rob the bank, there were surely other ways Jackson could have done so – e.g., eliciting testimony from guards on duty at the time of Jackson's release or from other BOP documents such as a sign out sheet.

Consequently, this Court holds that Jackson's appellate counsel was not ineffective and that Jackson cannot meet the "cause" or "actual prejudice" requirements to overcome his procedural default. Therefore, section 2255 is not available to Jackson. Dugan, 18 F.3d at 464. Nevertheless, the Court will briefly discuss the issues raised in Jackson's petition.

## II. Brady Violations

Under Brady, 373 U.S. 83, and its progeny, the government has an affirmative duty to disclose "any evidence in its possession that is favorable to the defendant and is material to either the issue of guilt or punishment." United States v. Bhutani, 175 F.3d 572, 576 (7th Cir.1999), cert. denied, --- U.S. ----, 120 S.Ct. 1173, (2000). See also United States v. Gonzalez, 93 F.3d 311, 315 (7th Cir.1996). Evidence is material if there is a reasonable probability that its

disclosure would affect the trial's outcome. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Hamilton, 107 F.3d 499, 509 (7th Cir.1997). Brady is not a discovery rule. See United States v. Higgins, 75 F.3d 332, 335 (7th Cir.1996). The government must disclose exculpatory information, but it need not do so before trial, see Weatherford v. Bursey, 429 U.S. 545, 559 (1977), as long as the disclosure is made at a time which allows the defendant to make use of the exculpatory information. See United States v. Allain, 671 F.2d 248, 255 (7th Cir.1982).

Here, Jackson does not specifically allege what if anything contained in the "incident report" would exculpate Jackson. Jackson simply alleges, without any support, that the government withheld the BOP "incident report" which, according to Jackson, would have shown that he could not have committed the bank robbery because he was not released from federal detention in time to have committed the robbery. However, as explained above, the trial transcripts provided with Jackson's motion show that the "incident report" was not contained in the BOP's files, and therefore, not in the government's possession. Moreover, the fact that the Assistant United States Attorney who tried the case was charged three years later, in a separate and unrelated case, with concealing Brady material is irrelevant. Consequently, this Court finds that the government did not violate Brady.

### III.    Evidence of Four Prior Armed Robberies

Jackson also contends that the trial court erred when it allowed the government to mention that Jackson had three prior convictions for robbery. This Court first notes that non-constitutional errors that could have been raised on appeal but were not are barred on collateral review in a section 2255 petition, regardless of prejudice or cause. Bontkowski v. United States,

-6-

850 F.2d 306, 313 (7th Cir. 1988). Nevertheless, the Court will briefly discuss Jackson's argument.

Jackson contends that this admission was improper under Old Chief v United States, 519 U.S. 172 (1997). Old Chief, however, was decided ten years after Jackson's direct appeal, see United States v. Jackson, 835 F.2d 1195 (7th Cir. 1987), and does not apply retroactively. Fryer v. United States, 243 F.3d 1004, 1012 (7th Cir. 2001). At the time of his appeal, the admission of Jackson's prior crimes was not clearly erroneous. See id. at 1007-08. Moreover, as discussed above, even if the admission was improper, such an error did not constitute actual prejudice given the overwhelming evidence against Jackson. Id. Consequently, this Court finds that the admission of Jackson's three prior convictions for robbery does not warrant relief under section 2255.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner Dwight Eugene Jackson's Motion to Vacate Judgment of Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [1-1]. The court, having disposed of all of the litigants' claims, directs the clerk of the court to enter a Rule 58 judgment and terminate this case from this court's docket. It is so ordered.

ENTER:       *Blanche M. Manning*
             **BLANCHE M. MANNING**
             **UNITED STATES DISTRICT COURT JUDGE**

DATE: July 18, 2001